UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

PAVEL ANDREENKO,

      Petitioner,

   -against-                                      09 Civ. 8535 (CM)(JCF)

ERIC H. HOLDER, et al,

      Respondents.

------------------------------------------------------------x

### REMAND TO MAGISTRATE JUDGE FOR FURTHER CONSIDERATION

McMahon, J.:

      I have reviewed the Report and Recommendation of The Hon. James C. Francis, United States Magistrate Judge, in connection with the petitioner's request that he be admitted to bail while his challenges to deportation are under consideration.

      The Report is, as always, thorough and excellent. I thank the learned Magistrate Judge for his assistance.

      The Report's conclusion that the petitioner's continuing incarceration pursuant to 8 U.S.C. § 1226(c) raised no due process concerns appears to be sound, even though petitioner has been held for nearly two years – which, as Judge Francis noted, is "considerably longer than the average detention" for an immigration detainee who appealed an Immigration Judge's determination of deportability. See, e.g., Demore v. Kim, 538 U.S. 510 (2003). However, the Magistrate Judge's Report issued only days after the Supreme Court announced its decision in Carachuri-Rosendo v. Holder, -- U.S. --, 2010 WL 2346552 (June 14, 2010). This decision may have some impact on petitioner's situation, particularly if it strengthens his argument that he should be granted discretionary cancellation of removal pursuant to 8 U.S.C. § 1129(b)(a). It might, for example, render his removal improbable, which Judge Francis recognized as one of the factors that a court should take into account in determining whether the alien is entitled to a bail hearing). I simply do not have enough detail about petitioner's convictions, other than the fact that, taken collectively, they resulted in a sentence of less than one year's incarceration.

      In view of Carachuri-Rosendo, this Court deems it advisable to remand the petition to Judge Francis, so he can discuss the implications (if any) of the Supreme Court's decision for petitioner's claim to bail.

I adopt the Magistrate Judge's Report insofar as it denies the petitioner's request for parole so that he can obtain medical assistance; as the learned magistrate points out, a writ of habeas corpus is not the appropriate legal vehicle for seeking relief based on conditions of detention, and this court has no authority to make decisions about parole. To that extent, the petition is denied.

Dated: July 21, 2010

_____
U.S.D.J.